**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

INTERNATIONAL TOOL MACHINES
OF FLORIDA, INC.,

               Plaintiff,

vs.                                   Case No. 3:05-cv-497-J-32TEM

HARRY SCHORNER,

               Defendant.

_____

## TEMPORARY RESTRAINING ORDER

On June 1, 2005, plaintiff International Tool Machines of Florida, Inc. ("ITM"),

filed a verified complaint against defendant Harry Schorner ("Schorner"), a former

employee, together with a  motion for a temporary restraining order ("TRO"),

asking the Court to restrain Schorner from transferring, selling, or otherwise

disseminating any of ITM's property pending a decision on ITM's preliminary

injunction motion.  On the same day, the Court held an ex parte telephone hearing

on the TRO motion.  The hearing was held in accordance with Federal Rule of Civil

Procedure 65(b) and Local Rule 4.05 without notice to Schorner upon ITM's

certification that Schorner's previous behavior indicated that he would transfer,

sell, or otherwise disseminate ITM's property if he received notice of the

preliminary injunction motion without a TRO in place.

In support of its TRO motion, ITM has submitted three affidavits.  Two are of Karl H. Giebmanns, ITM's president, and one is of Jim Nicholas, a vice president of Manufacturing of NG Instruments, Inc. ("NGI"), also a former employer of Schorner.  The affidavits indicate that NGI terminated Schorner and thereafter found ITM property in his desk.

Pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 4.05, ITM has established, through the verified complaint and affidavits that: (1) it would suffer immediate and irreparable damage if a TRO is not issued before notice of the preliminary injunction motion in that it could lose the ability to regain its proprietary information and maintain its confidentiality; (2) it is substantially likely to succeed on the merits of at least its breach of contract claim in that Schorner agreed not to take proprietary information but allegedly has done so; (3) the threatened injury to ITM outweighs whatever damage the TRO would have on Schorner in that ITM would suffer injury if its proprietary information was transferred, sold, or otherwise disseminated without authorization, while Schorner would suffer no cognizable injury in not being able to transfer, sell, or disseminate proprietary information that does not belong to him; and (4) the TRO would not be adverse to the public interest in that the public has an interest in enforcing reasonable employment agreements and protecting business investments.  The Court therefore finds that a TRO, without notice to Schorner, is warranted.  In

issuing the TRO, the Court understands that Schorner has not been heard on the issues and emphasizes that it is not making a final decision on ITM's preliminary injunction motion or the ultimate merits of its claims.

It is hereby **ORDERED**:

1.     ITM's motion for a TRO  (Doc. 2) is **GRANTED**.  The TRO shall remain in effect from the date and time of its issuance (set forth below) until **June 14, 2005 at noon** unless, before its expiration, it is dissolved or extended for good cause shown or by agreement of the parties.

2.     Pending further Order of the Court, Schorner and any of his agents, servants, attorneys, employees, and all other persons working under, in concert with, or for them are hereby **ORDERED** to refrain from directly or indirectly using for their own benefit, or imparting to any other person, firm, or corporation, the materials, tests, information, and technology relating to any proprietary technological information, documents, passwords, software, and customer information of ITM or developed by Schorner while employed by ITM.

3.     The Court has determined that neither costs nor damages will be incurred by Schorner during the period the TRO is in force and ITM therefore is not required to post a security bond under Federal Rule of Civil Procedure 65(c).

4.     An evidentiary hearing to determine whether to convert this TRO into a preliminary injunction is set for **June 14, 2005 at 10:00 a.m.** before the

3

undersigned in Courtroom 10B, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida.[1]  Each side will have one hour to present argument, introduce exhibits (including affidavits), and, if necessary, present live testimony.  If either party needs more time to prepare for the hearing, or if either party wants the motion heard sooner, the Court will entertain a motion to reschedule.

5.      Schorner is permitted to file a memorandum concerning his position on the preliminary injunction motion no later than **June 13, 2005 at noon** with a courtesy copy to chambers.  Either party may file relevant exhibits or affidavits before the hearing, with admissibility and relevancy to be determined at the hearing.  See Local Rule 4.06.

6.      ITM shall forthwith effectuate service of this TRO and all other papers that have been filed in this case on Schorner and shall file an affidavit testifying to such service.  See Local Rule 4.05 (b)(5).

---

[1]      The parties are advised that photo identification must be presented to court security officers upon request when entering the building.  Also, cell phones and laptop computers are not permitted in the courthouse.  The Court will waive this requirement for the attorneys only and permit attorneys to bring cellphones and laptops to the hearing by showing a copy of this Order to the court security officers.

4

**DONE AND ORDERED** at Jacksonville, Florida, on June 3, 2005, at 3:10

p.m.

TIMOTHY J. CORRIGAN
United States District Judge

p.
Copies to counsel of record